United States District Court
Eastern District of Wisconsin

| | |
|---|---|
| **Rabbi Alexander Milchtein** and **Ester Riva Milchtein**,<br><br>*Plaintiffs*,<br><br>v.<br><br>**Eloise Anderson**, an individual; **Milwaukee County**, a public entity; **Arlene Happach**, an individual; **Robin Joseph**, an individual; **Sarah Henery**, an individual; **Martha Stacker**, an individual; **Lori Wagnitz**, an individual; **Mary Pat Bohn**, an individual; **Crystal Reyes**, an individual; **Nadine Sherman**, an individual; **Julia Konrardy Comey**, an individual; **Children's Hospital and Health System, Inc.**, a corporation; **Sara Waldschmidt**, an individual; **Jackie Voykin Steffes**, an individual; **Milwaukee County Department of Heath and Human Services**, a public entity; **Kelly Pethke**, an individual; **Mark Mertens**, an individual; **Sara Woitel**, an individual; **Bella's Group Home, LLC.,** a limited liability company; **John T. Chisholm**, an individual; and **Lori Kornblum**, an individual;<br><br>*Defendants*. | **Civil Action No. _____**<br><br><br>**PLAINTIFFS' MOTION TO RESTRICT DOCUMENTS** |

Plaintiffs Rabbi Alexander Milchtein and Ester Riva Milchtein, move to restrict. In support of their motion, Plaintiffs state as follows:

**1**. Plaintiffs have filed a *Verified Complaint*. The subject matter of their Complaint involves the violation of Plaintiffs' Civil Rights by Defendants' conduct in removing three of Plaintiffs' children from their home and Defendants subsequent conduct in relation to that removal.

**2**. In order to substantiated their claims, Plaintiffs attached as exhibits to their Complaint

copies of court transcripts, a MCPS reports, a court orders, a notice, and emails Plaintiffs' children.

    **4**.      This Court permits documents to be sealed in certain circumstances:

> The general rule is that the record of a judicial proceeding is public. Not only do such records often concern issues in which the public has an interest . . . but also the public cannot monitor judicial performance adequately if the records of judicial proceedings are secret. These considerations, however, support a strong presumption rather than an absolute rule. When there is a compelling interest in secrecy, as in the case of trade secrets, the identity of informers, and the privacy of children, portions and in extreme cases the entirety of a trial record can be sealed. The interest in secrecy is weighed against the competing interests case by case.

*Jessup v. Luther*, 277 F.3d 926, 927-28 (7th Cir. 2002) (internal citations omitted). "In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret." *Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002).

    **5**.      The exhibits Plaintiffs seek to file under seal are excerpted transcripts of court proceedings, a court order, and emails that directly involve and discuss two of their children, as well as a Bureau report that discusses all of their children.  Allowing these documents to be public record would undermine the privacy of these children, who, with the exception of the two oldest, were minors at the time these documents were created.

    **6**.      Additionally, under Wisconsin law, "any person who divulges any information which would identify the child, the expectant mother or the family involved in any proceeding under [chapter 48] shall be subject to ch. 785 [a contempt of court statute]."  Wis. Stat. Ann. § 48.299.  Proceedings involving child protection are authorized under Chapter 48, entitled "Children's Code."  Wis. Stat. Ann. § 48.13.

**PLAINTIFFS' MOTION
TO RESTRICT DOCUMENTS**     -2-

**7.** The transcript excerpts, emails, court orders, and MCPS reports divulge information about Plaintiffs' children relating to Chapter 48 proceedings in a Wisconsin court. So such information is required to remain in confidence under Wisconsin law.

**WHEREFORE**, Plaintiffs pray this Court grant *Plaintiffs' Motion to Restrict Documents*.

Dated: December 15, 2019

Respectfully submitted,

/s/ Corrine L. Youngs

James Bopp, Jr., IN #2838-84
 jboppjr@aol.com

Corrine L. Youngs, IN #32725-49
 cyoungs@bopplaw.com

Amanda L. Narog, IN #35118-84
 anarog@bopplaw.com

THE BOPP LAW FIRM, PC
1 South Sixth Street
Terre Haute, IN 47807-3510
812/232-2434 telephone
812/235-3685 facsimile