**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE**

---

RABBI ALEXANDER MILCHTEIN and ESTER RIVA MILCHTEIN,

Plaintiffs,

vs.

ELOISE ANDERSON, ET AL.,

Defendants.

CASE NO. 19-CV-1834

---

**DEFENDANT BELLA'S GROUP HOME'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

---

Defendant, Bella's Group Home ("BGH"), has motioned the Court to dismiss the sole claim asserted against it by the plaintiffs pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The only claim alleged against BGH by plaintiffs was brought pursuant to 42 U.S.C. §1985(3) sounding in conspiracy to deprive them of the right of free exercise of religion guaranteed by the 1st Amendment to the U.S. Constitution and substantive due process guaranteed by the 14th Amendment.

A. Plaintiffs Completely Fail to Demonstrate Any State Action Attributable to BGH

As demonstrated in BGH's initial brief to the Court, a claim asserted pursuant to 42 U.S.C. §1985(3) requires plaintiffs to not only allege the specific elements of the conspiracy but to also demonstrate that the state was somehow involved in or affected by the conspiracy. In BGH's brief, it identifies applicable precedent from the 7th Circuit, the State of Wisconsin and other jurisdictions that addresses similar claims against certain entities, all of which resulted in dismissal for lack of state action. The type of entities involved in those cases included a group home for adults with

mental disabilities in *Sybalski v. Independent Group Home Living Program, Inc.*, 546 F.3d 255 (2nd Cir. 2008); a nursing home's decision to transfer or discharge certain patients in *Blum v. Yaretsky*, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982); a nonprofit, privately operated school for maladjusted high school students in *Rendell-Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 276, 473 L.Ed.2d 418 (1982); and a state-licensed foster home operated by a private citizen in *Kara B. by Albert v. Dane County*, 198 Wis.2d 24, 542 N.W.2d 777 (Ct. App. 1995).

In each of these cases, while the pleadings alleged the entities were state actors and/or were acting under color of state law, each court rejected the allegations and dismissed the claims. First, the courts identified the three tests applicable to any such consideration. The first, the "public function" test, analyzes whether the private party was exercising powers that are traditionally and exclusively reserved to the government. *Kara B., supra*, 198 Wis.2d at 51. The second, the "state compulsion" test, analyzes whether the state is exercising such "coercive power" or providing such "significant encouragement, either overt or covert," that in law the private actor's choice must be deemed to be that of the state. *Id*. The third, the "symbiotic relationship" or "nexus" test, analyzes whether there is such a sufficiently close nexus between the government and the challenged private action that it may be fairly treated as that of the government. *Id.*

Utilizing the three tests noted above, each court rejected the allegation that the entities were state actors. Moreover, the *Kara B.* Court specifically acknowledged it was unaware of any case which held that entities such as foster parents could be considered state actors. Indeed, the Court cited decisions from other jurisdictions that have refused to attribute the actions of foster parents to the state and noted that the plaintiff was unable to offer any authority to the contrary. *Id.*, 198 Wis.2d at 53.

The same is obviously true in this case. Hiding behind the factual allegations contained in their complaint and the hundreds of exhibits attached thereto, plaintiffs simply argue they have

provided this court with sufficient evidence to sustain a motion to dismiss on the lone conspiracy claim against BGH. What plaintiffs completely fail to offer this Court is any legal precedent to support a finding of state action. In fact, despite the statement in their brief that "And, of course, the authority that BGH exercised was authority typically exercises by the government in child removal cases; therefore, BGH was at all times relevant to this litigation acting under color of state law . . ." (see Dkt. 45, p. 5), plaintiffs fail to cite one case in support of that statement. Plaintiffs do not even attempt to distinguish the facts of the cases cited by BGH from the facts of the pending action in an effort to demonstrate state action. At most, other than the bold, unsupported statement noted above, plaintiffs allege DHHS' ratification of decisions made by BGH somehow constitutes state action. *Id.* Again, no precedent is cited in support and no explanation is provided regarding how actions of DHHS become actions by BGH that could possible constitute state action on its part.

As plaintiffs have completely failed to offer this Court any support for its contention that any of the actions taken by BGH could constitute state action, plaintiffs' sole claim asserted against BGH pursuant to 42 U.S.C. §1985(3) fails as a matter of law and should be dismissed.

B. Plaintiffs' Claim Also Fails for Lack of Justiciability and Standing

While the lack of evidence to support a finding that the state was somehow involved in or affected by the conspiracy should prove fatal to their claim against BGH, plaintiffs' claim against BGH should fail for the additional reasons that the claims are simply not justiciable and are those of their daughter and not theirs.

As noted in its initial brief to this Court on the issue of lack of justiciability, through their amended complaint plaintiffs are seeking declaratory judgment and damages. However, relief in the form of a declaratory judgment is clearly foreclosed as D.M., the child at issue in the claim against BGH, is now 18 and no longer part of the child protection process. In fact, the state

proceedings involving D.M. concluded in 2018. For that reason, any judgment regarding D.M. at this time would be purely advisory.

As previously referenced by BGH, the 7th Circuit already analyzed and dismissed similar claims by these same plaintiffs and acknowledged the controlling principle blocking the plaintiffs' claims is the requirement of justiciability. The Court explained that in that suit, the plaintiffs were requesting a federal judge to rule on how a state court judge erred while having no ability to do anything about those alleged errors, as the state proceedings have been concluded for some time. Stated otherwise, the 7th Circuit concluded it is not the role of a federal judge to tell the state judges how they should have ruled in closed cases.

Plaintiffs' response to the claim that any ruling by this Court would be purely advisory and therefore nonjusticiable is similar to their response to the claim of lack of state action - - nonexistent. In fact, while plaintiffs at least mention the phrase "state action" in their response brief, they completely ignore the argument on the issue of justiciability. As it is an undisputed principle of law that a party's failure to address an argument in a reply brief is tantamount to an admission, BGH requests this Court find in its favor on the issue of nonjusticiability and dismiss the sole claim asserted against it by plaintiffs on that basis. *See Charolais Breeding Ranches, Ltd. v. FPC Secs. Corp.*, 90 Wis.2d 97, 109, 279 N.W.2d 493 (Ct.App.1979) (arguments not refuted deemed admitted).

Finally, BGH requests dismissal on the basis of standing. While disputed by plaintiffs in their response brief, the basic tenure of their claims is the treatment received by their daughter D.M. while residing at BGH and how that treatment may have affected them. As D.M. is now an adult and capable of filing an action on her own behalf for any actions taken against her by BGH while a resident, which she has not done to date, plaintiffs cannot rest their claim against BGH on the legal rights or interests of D.M. and their claim against BGH should be dismissed.

C.   Conclusion

As demonstrated above, plaintiffs have failed to provide this Court with any support, factual or legal, to support a finding that any actions taken by BGH as alleged in the amended complaint could be considered state action or that the state was somehow involved in or affected by the conspiracy. Such a failure is fatal to their sole conspiracy claim against BGH and should result in dismissal. Moreover, plaintiffs fail to address the issue of justiciability in their response brief and therefore that issue should be considered undisputed and admitted. Finally, plaintiffs lack standing over the claim that belongs to D.M. now that she is over the age of majority and has the legal right to bring the claim on her own behalf and has not.

For the reasons noted above, plaintiffs' claim against BGH should be dismissed as a matter of law, with prejudice, under Fed. R. Civ. P. 12(b).

Respectfully submitted this 26th day of August, 2020.

By: *s/ Maria DelPizzo Sanders*
Maria DelPizzo Sanders, SBN 1031037
Clayton L. Riddle, SBN 1023267
von BRIESEN & ROPER, s.c.
*Attorneys for Defendant, Bella's Group Home*
411 East Wisconsin Avenue, Suite 1000
Milwaukee, Wisconsin 53202
Phone: ( 414) 221-6652
Fax: (414) 249-2634
msanders@vonbriesen.com
criddle@vonbriesen.com

35206984_1