UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RABBI ALEXANDER MILCHTEIN and ESTER RIVA MILCHTEIN,<br><br>Plaintiffs,<br><br>v.<br><br>MILWAUKEE COUNTY, MILWAUKEE COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, KELLY PETHKE, MARK MERTENS, and SARA WOITEL,<br><br>Defendants. | Case No. 19-CV-1834-JPS<br><br>**ORDER** |

1.  **BACKGROUND**

In 2019, Plaintiffs brought this action under 42 U.S.C. § 1983, seeking declaratory and injunctive relief, as well as damages. (Docket #1). In their complaint, Plaintiffs allege that twenty-one defendants violated Plaintiffs' constitutional rights when they took certain actions (or inactions) regarding their daughters, C.M., S.M., and D.M. Nearly one year ago, the Court issued an order[1] in which it granted multiple motions to dismiss and dismissed sixteen defendants from this action. (*See* Docket #48). Only Plaintiffs' claims against Sara Woitel, Kelly Pethke, and Mark Mertens (the "County

---

[1]The Court directs the reader to its prior order, *Milchtein v. Anderson*, Case No. 19-CV-1834-JPS, 2020 WL 6287702, at *2–*9 (E.D. Wis. Oct. 27, 2020) for a complete factual statement regarding this case. The Court will provide facts, as necessary, throughout its analysis in this Order.

Defendants")[2] regarding their daughter, D.M., remain. In its prior order, the Court summarized Plaintiffs' remaining claims as follows:

> <u>Claim One, Count One</u>: County Defendants violated Plaintiffs' rights to familial association, privacy, and procedural due process by removing, detaining, and continuing to detain D.M. without a protective custody warrant and failing to pursue or investigate Plaintiffs in a less intrusive manner.
>
> <u>Claim One, Count Two</u>: County Defendants violated Plaintiffs' procedural due process rights when they sought a court order for an emergency hearing at which Plaintiffs were not able to be heard.[3]
>
> <u>Claim One, Count Three</u>: County Defendant Woitel violated Plaintiffs' procedural due process rights by making several false and misleading statements to the state court.
>
> <u>Claim One, Count Six</u>: County Defendants violated Plaintiffs' First Amendment and substantive due process rights by disregarding their religious beliefs and preferences concerning D.M.'s religious upbringing.

(Docket #48 at 25–26). The Court invited the County Defendants to submit additional authority to support their position that they are entitled to qualified immunity as to Plaintiffs' remaining claims. (*Id.* at 33).

---

[2] In its prior order, the Court wrote that Claim One, Counts One, Two, Three, and Six remained against the "County Defendants," which, in that order, included Milwaukee County and Milwaukee County Department of Health and Human Services ("DHHS"). (Docket #48 at 33). Notably, Plaintiffs do not allege Claim One, Counts One, Two, Three, and Six against either Milwaukee County or DHHS. Therefore, Milwaukee County and DHHS shall be dismissed from this action. Hereinafter, the term "County Defendants" shall refer to Sara Woitel, Kelly Pethke, and Mark Mertens.

[3] When summarizing Plaintiffs' complaints against the County, the Court wrote that Claim One, Count Two pertained to Defendant Woitel. (*Id.* at 26). According to the heading in Plaintiffs' complaint, Plaintiffs bring that claim against Defendants Pethke and Mertens, as well. However, Plaintiffs mention only Defendant Woitel in the substantive allegations. *See infra* Section 3.2.

Now before the Court is the County Defendants' motion to dismiss, which is fully briefed.[4] (Docket #49, #50, #53, #54). The Court has reviewed the parties' submissions.[5] As a preliminary matter, the Court notes that the County Defendants advance new arguments, discussed *infra*, in their reply brief. In the Seventh Circuit, "[i]t is well-settled that new arguments cannot be made for the first time in reply." *Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989). This rule "serves to prevent the nonmoving party from being sandbagged." *Reis v. Robbins*, No. 4:14-cv-00063-RLY-TAB, 2015 WL 846526, at *2 (S.D. Ind. Feb. 26, 2015). Nevertheless, the Court will consider the County Defendants' new arguments because Plaintiffs appear unconcerned with the same. The County Defendants filed their reply brief on December 21, 2020. (Docket #54). If Plaintiffs took issue with, or even noticed, these new arguments, they had ample time to bring any concerns to the Court's attention. Further, litigants who take umbrage with new arguments introduced in reply briefs must either file a "motion to strike the offending portions of the reply brief" or a motion "to seek leave to file a response to the reply brief." *Cleveland v. Porca Co.*, 38 F.3d 289, 297 (7th Cir. 1994) (citing *Gold*, 876 F.2d at 1331 n.6). Plaintiffs have taken neither course of action. Therefore, in the interest of judicial economy, the Court will consider the arguments that the County Defendants raise in their reply.

---

[4]Plaintiffs filed a motion to restrict their response to the County Defendants' motion to dismiss. (Docket #52). The Court will grant Plaintiffs' motion.

[5]The Court notes that Plaintiffs attached exhibits to their complaint, which the Court has reviewed. "When ruling on a motion to dismiss, the court may consider documents attached to the complaint, documents central to the complaint and referred to in it, and information that is properly subject to judicial notice." *Amin Ijbara Equity Corp. v. Village of Oak Lawn*, 860 F.3d 489, 493 n.2 (7th Cir. 2017) (citation and alterations omitted).

## 2. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that "fail[] to state a claim upon which relief can be granted." To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (citation and alteration omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678) (alterations omitted).

## 3. ANALYSIS

### 3.1 Claim One, Count One: Procedural Due Process, Unlawful Seizure/Medical Exam, Invasion of Privacy, and Interruption of Familial Association

In an "everything but the kitchen sink" fashion, Plaintiffs allege that each of the County Defendants violated Plaintiffs' rights to familial association, privacy, and to be free from unreasonable search and seizure. (*See* Docket #1 at 48–51). Specifically, Plaintiffs take issue with the fact that

neither Defendant Woitel, Pethke, or Mertens "sought or obtained a protective custody warrant prior to interrogating and/or seizing . . . D.M." without Plaintiffs' consent. (*Id.* at 50). According to Plaintiffs, this violated their rights to procedural due process and familial association. (*Id.*) Per Plaintiffs, the County Defendants failed to pursue or investigate less intrusive alternative means for keeping Plaintiffs' family together. (*Id.*) Plaintiffs also assert that the County Defendants violated or conspired to violate their substantive due process rights by "interrogating, examining, seizing, detaining, and continuing to detain . . . D.M. from the care, custody, and control of [her] parents without proper or just cause and/or authority." (*Id.* at 51). Finally, according to Plaintiffs, the County Defendants subjected D.M. to a medical examination without exigency, a court order, or notice to Plaintiffs. (*Id.* at 48).

Notably, Plaintiffs sued the County Defendants in their individual capacities, implying that the County Defendants "did something that is tortious independent of the office that the[y] . . . hold[]." *Walker v. Rowe*, 791 F.2d 507, 508 (7th Cir. 1986). "When considering whether [a] defendant[] [is] subject to § 1983 liability," the Seventh Circuit follows the long-settled rule that "§ 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (citation and internal quotations omitted).

Plaintiffs do not allege that any of the County Defendants seized D.M. without a warrant, nor that any such seizure occurred. Nor have Plaintiffs alleged facts suggesting that the County Defendants interrogated, examined, detained, or continued to detain D.M. Plaintiffs do not point to

any instances where Defendants Woitel, Pethke, or Mertens subjected or were involved in subjecting D.M. to an unauthorized medical exam. Nor do Plaintiffs explain how their rights, as opposed to D.M.'s, would be violated by such conduct.[6] Apart from Claim One, Counts Two and Three, which directly implicate Defendant Woitel, discussed *infra* in Sections 3.2 and 3.3, Plaintiffs have not provided a sufficient factual predicate for their allegations that the County Defendants violated their rights to familial association. Simply put, Plaintiffs' claims in Claim One, Count One are conclusory. In fact, any specific conduct alleged in their complaint tied to the violations described in Claim One, Count One, was taken by other actors. *See e.g.*, (Docket #1 at 35–36) (after leaving home, "[o]n April 24, 2017, D.M. was taken into custody by Initial Assessment Worker Jamie Miller, on 'Order by judge.'"); (*id.* at 36) ("On April 26, 2017, the court held a hearing . . . [and] determined that probable cause existed . . . to take temporary physical custody of D.M."); (*id.* at 37) (noting that DHHS had filled out an Original Dispositional Report to the Court; however, none of the County Defendants signed this report).

The County Defendants correctly point out that Plaintiffs fail to clarify how Defendant Mertens and Pethke took actions "other than in a supervisory role."[7] (Docket #54 at 2). "[F]or a supervisor to be liable, they

---

[6]Under Article III of the Constitution, "[a] federal court's jurisdiction can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action." *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (citation and internal quotations and alterations omitted). To the extent Plaintiffs are attempting to sue the County Defendants for violations of D.M.'s rights, such claims would be nonjusticiable.

[7]The Court notes that Defendant Pethke signed a release form regarding D.M.'s psychiatric records on October 20, 2017. (*See* Docket #1-86). However, Plaintiffs have not clearly alleged that this action was a violation of their procedural due process, unlawful seizure/medical exam, or interruption of

must be personally responsible for the deprivation of the constitutional right." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (citation and internal quotations omitted). "To show personal liability, the supervisor must 'know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.'" *Id.* (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992–93 (7th Cir. 1988)). Plaintiffs do not allege that either Defendant Pethke or Mertens knew about constitutional violations at DHHS and/or condoned, facilitated, approved, or turned a blind eye to such violations by their subordinates. Based on the foregoing, the Court finds that Plaintiffs' allegations against the County Defendants in Claim One, Count One are conclusory and do not allege that each of the County Defendants is personally liable. Therefore, the Court will dismiss this count.

### 3.2    Claim One, Count Two: Procedural Due Process

Plaintiffs claim that the County Defendants violated Plaintiffs' procedural due process rights and interrupted their rights to familial association. (Docket #1 at 51). First, the Court notes that Plaintiffs fail to allege any facts suggesting that Defendants Pethke or Mertens acted or failed to act in either a personal or even supervisory manner with respect to such alleged violations. As discussed in *supra* Section 3.1, Plaintiffs' failure to allege liability will not suffice. Therefore, the Court will dismiss Claim One, Count Two against Defendants Pethke and Mertens.

However, Plaintiffs describe how Defendant Woitel acted in a way that allegedly deprived them of their constitutional rights to familial association. According to Plaintiffs,

---

familial association. To the extent Plaintiffs suggest that this action invaded *their* rights to privacy, this claim would be nonjusticiable. *See supra* n. 6.

> [t]o address a problem of her own making, Defendant WOITEL sought a court order from another trial court less than 24 hours after the judge assigned to the case determined no action was necessary regarding a change of placement for D.M. Plaintiffs were not afforded notice or an opportunity to be heard at that emergency hearing. This deprived Plaintiffs of their opportunity to be heard, is fundamentally unfair, and deprived Plaintiffs of their liberty interest to raise D.M. without sufficient procedural safeguards.

(*Id.* at 53). The Court surmises that Plaintiffs are referring to the emergency hearing on October 3, 2017, which Defendant Woitel requested before the Hon. Jane Carroll. (*See id.* at 40). The purpose of this hearing was to determine an out-of-home placement for D.M. because her current out-of-home placement, Bella's Group Home, was going to remove her. (*See* Docket #1-62).

One's interest in his or her familial relations is a protected liberty interest. *Brokaw v. Mercer County*, 235 F.3d 1000, 1020 (7th Cir. 2000) (citations omitted). Therefore, before infringing on or depriving someone of that right, the government must provide due process. *Id.* Specifically, "[t]he Supreme Court has said that parental rights cannot be denied without an 'opportunity for them to be heard at a meaningful time and in a meaningful manner.'" *Id.* (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

It is unclear whether Plaintiffs take issue with Defendant Woitel's seeking a court order to have the e*x parte* hearing, or the fact that there was an *ex parte* hearing at which they were not in attendance and could not be heard. To the extent Plaintiffs allege that Defendant Woitel violated their due process rights by requesting an *ex parte* hearing, Defendant Woitel is absolutely immune for such conduct.

In *Millspaugh v. County Department of Public Welfare of Wabash County*, 937 F.2d 1172, 1176 (7th Cir. 1991), the court held that "social workers and like public officials are entitled to absolute immunity in child custody cases on account of testimony and other steps taken to present the case for decision by the court." The court explained that "the dividing line between absolute and qualified immunity is whether the injury depends on the judicial decision. If there would be no loss but for the judge's acts, then the prosecutor or witness who induces the judge to act has absolute immunity." *Id*. at 1175. Moreover, "[p]rotection does not vanish when the proceeding is *ex parte*[.]" *Id.* However, the Seventh Circuit explained that a social worker's acts "initiating the case" or "to obtain custody of the children call for a different analysis," because "[an] application for an *initial* order [is] much like a police officer's affidavit seeking a search warrant," and thus, falls outside the scope of absolute immunity. *Id.* at 1176 (citing *Malley v. Briggs*, 475 U.S. 335 (1986)) (emphasis added). The court added that "[s]ocial workers must settle for qualified immunity when taking initial custody of children." *Id.*; *see also Brokaw*, 235 F.3d at 1014 n.10 (explaining that if the social worker-defendant would have argued that she was entitled to absolute immunity, "it would not have protected [her] for her role in initiating [the minor plaintiff's] removal, or in gathering evidence.").

Plaintiffs do not allege that Defendant Woitel initiated D.M.'s removal, nor gathered evidence. D.M.'s case began in April 2017, and she had been placed outside of Plaintiffs' home since April 5, 2017. Further, even if Plaintiffs based their procedural due process claim against Defendant Woitel on an alleged "failure to supply adequate information" to Plaintiffs, assuming that was her responsibility, such inaction by

Defendant Woitel "could cause no loss unless the court pressed on to decision." *Id.* at 1175.

If Plaintiffs are claiming that the October 3, 2017 proceeding was inadequate because it deprived them of their rights to raise D.M. without sufficient procedural safeguards, it appears that Plaintiffs were provided notice on October 3 of a subsequent court hearing that would take place on October 4. (*See* Docket #1–81).[8] "In an emergency situation, the government may take away property or liberty, so long as post[-]deprivation notice and a hearing are provided . . . ." *Donald v. Polk County*, 836 F.2d 376, 380 (7th Cir. 1988). "[D]ue process guarantees that the post-deprivation judicial review of a child's removal be prompt and fair." *Brokaw*, 235 F.3d at 1021. Here, Plaintiffs were given notice on October 3, 2017, of the hearing on October 4, 2017, concerning D.M.'s placement. Such judicial review was certainly prompt. Plaintiffs do not allege that the post-deprivation hearing on October 4 was procedurally defective. For the foregoing reasons, the Court will dismiss Plaintiffs' procedural due process claim as stated in Claim One, Count Two against Defendant Woitel.

### 3.3 Claim One, Count Three: Procedural Due Process

Plaintiffs aver that Defendant Woitel made multiple false and misleading statements "in connection with several hearings in juvenile court before the Hon. J.D. Watts, and in the emergency hearing convened on October 3, 2017, before the Hon. Jane Carroll, regarding D.M." (Docket #1 at 58). Plaintiffs then list the allegedly false statements that Defendant Woitel made to the state court or that were in documents submitted

---

[8]Again, it is unclear if this is the nature of Plaintiffs' grievance.

thereto.[9] (*Id.* at 58–59). According to Plaintiffs, Defendant Woitel knew such statements to be false "at the time she testified before the court and in the supporting documents filed with the court bearing her signature." (*Id.* at 59). Plaintiffs claim that Defendant Woitel's conduct violated their clearly established due process rights "not to be subjected to false accusations on the basis of false evidence that was deliberately fabricated by the government," to "influence judicial decision making." (*Id.* at 55). Such false statements "so tainted the proceedings . . . that they were fundamentally unfair and led to additional deprivations [of Plaintiffs' rights to familial association/relations under the Fourteenth Amendment]." (*Id.* at 59).

In *Millspaugh*, the Seventh Circuit held that even if a social worker "act[s] out of improper motives and misle[a]ds the court," absolute immunity applies because "immunity that applies only when the defendant did no wrong is no immunity at all." 937 F.2d at 1175. Several courts within this circuit have read *Millspaugh* as providing absolute immunity to social workers who falsely testify in judicial proceedings. *See Hebein ex rel Berman v. Young*, 37 F. Supp. 2d 1035, 1047 (7th Cir. 1998) (dismissing the plaintiff's claim that social workers falsely testified during a wardship proceeding before the State's Attorney because the social workers were afforded absolute immunity under *Millspaugh*); *Ibitayo*, 2003 WL 22765046, at *4 (dismissing claim on absolute immunity grounds against social worker

---

[9]To be sure, some of the allegedly false statements that Defendant Woitel made "to the Court," appear to have been made to another social worker or in the Child Protective Services Report. (*See id.* at 58–59). Plaintiffs do not clarify whether Defendant Woitel's statements were eventually presented to the Court or were extrajudicial false statements. However, these alleged false statements "lack consequential harm." *Ibitayo v. McDonald*, No. 03 C 3362, 2003 WL 22765046, at *4 (N.D. Ill. Nov. 20, 2003). It is only their purported "use by the juvenile court in rendering its decision that gives rise" to Plaintiffs' alleged injury. *Id.*

who prepared and presented report regarding the plaintiff's family that was allegedly rife with errors and omissions, which in turn prevented the plaintiff from residing with his family); *Rangle v. Reynolds*, 607 F. Supp. 2d 911, 921–22 (N.D. Ind. 2009) (dismissing the plaintiffs' claim that social worker submitted false and misleading courtroom testimony and false documentation to the court because social worker was entitled to absolute immunity for those actions under *Millspaugh*); *Pelham v. Albright*, No. 3:11 CV 99, 2012 WL 1600455, at *6–*7 (N.D. Ind. May 4, 2012) (dismissing plaintiffs' claims against a state attorney and department of child services worker who allegedly "participated in a conspiracy to place false testimony and information known to be false before a court," because "[a]bsolute immunity clearly protect[ed] these defendants from a lawsuit based on these alleged acts).[10]

Here, Plaintiffs allege that Defendant Woitel acted in a manner that, per the Seventh Circuit, entitles her to absolute immunity, i.e., that she falsely testified and provided documents to the courts with statements that she knew to be false. (Docket #1 at 58–59). According to Plaintiffs, Defendant Woitel's false statements and submissions influenced the acts of the state court judges, which in turn caused Plaintiffs' harm. Therefore,

---

[10] As Plaintiffs point out, the Seventh Circuit has also held that "no matter how much process is required, at a minimum it requires that government officials not misrepresent the facts in order to obtain the removal of a child from his parents." *Brokaw*, 235 F.3d at 1020. However, *Brokaw* analyzed whether government workers were entitled to qualified, not absolute, immunity. Moreover, in *Brokaw*, the Seventh Circuit explained that if the social worker-defendant would have argued that she was entitled to absolute immunity, "it would not have protected [her] for her role in initiating [the minor plaintiff's] removal, or in gathering evidence." *Id.* at 1014 n.10.

Page 12 of 15
Case 2:19-cv-01834-JPS   Filed 09/24/21   Page 12 of 15   Document 58

Defendant Woitel is entitled to absolute immunity as to this claim, and, thus, Claim One, Count Three will be dismissed.

### 3.4 Claim One, Count Six: Interference with Free Exercise of Religion and Substantive Due Process Rights

Plaintiffs' final claim is that the County Defendants interfered with Plaintiffs' Free Exercise of Religion and infringed upon their rights to make child rearing decisions regarding D.M.'s religious upbringing. (Docket #1 at 78). However, Plaintiffs take umbrage with the Milwaukee Child Protective Services' ("MCPS") directive "to provide for the moral and religious upbringing and training of children in its care according to the religious belief of the child or of his or her parents." (*Id.* at 78) (quoting Wis. Stat. § 48.57(1)(d)). They claim that MCPS has disregarded Plaintiffs' religious beliefs regarding the Sabbath and followed D.M.'s or Defendants' own religious beliefs. (*Id.* at 79). Again, Plaintiffs' complaint is void of factual allegations suggesting that either Defendant Woitel, Pethke, or Mertens interfered with Plaintiffs' Free Exercise of religion or infringed upon their due process rights. *See* discussion at *supra* Section 3.1. Therefore, Plaintiffs have not alleged a § 1983 claim against Defendants Woitel, Pethke, or Mertens on such grounds.[11]

---

[11]Throughout Claim One, Counts One and Three, Plaintiffs use language that suggests a conspiracy. (*See, e.g.,* Docket #1 at 49, 59). "A plaintiff raising a claim under [42 U.S.C.] § 1985(3) must allege (1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of the alleged conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens." *Majeske v. Fraternal Order of Police, Local Lodge No. 7*, 94 F.3d 307, 311 (7th Cir. 1996). Notably, "to withstand dismissal under 12(b)(6)," a plaintiff must allege the necessary facts, i.e., "the who, what, when, why, and how." *Brokaw*, 235 F.3d at 1016. Further, "there cannot be a civil cause of action for conspiracy under § 1985 without an overt act." *Lenard v. Argento*, 699 F.2d 874, 883 (7th Cir. 1983). Upon review of Plaintiffs' complaint, the Court finds that Plaintiffs have sorely failed to

4. **CONCLUSION**

Based on the foregoing, the Court grants the County Defendants' motion to dismiss (Docket #49) and will dismiss this action with prejudice. The Court also grants Plaintiffs' motion to restrict their response brief (Docket #52).

Accordingly,

**IT IS ORDERED** that Milwaukee County and Milwaukee County Department of Health and Human Services be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that Defendants Sara Woitel, Kelly Pethke, and Mark Mertens's motion to dismiss (Docket #49) be and the same is hereby **GRANTED;**

**IT IS FURTHER ORDERED** that the following claims against Defendants Sara Woitel, Kelly Pethke, and Mark Mertens be and the same are hereby **DISMISSED with prejudice**: Claim One, Counts One, Two, and Six as to D.M.;

**IT IS FURTHER ORDERED** that Claim One, Count Three against Defendant Sara Woitel be and the same is hereby **DISMISSED with prejudice** as to D.M.;

**IT IS FURTHER ORDERED** that Defendants Sara Woitel, Kelly Pethke, and Mark Mertens be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that Plaintiffs' motion to restrict their response brief (Docket #52) be and the same is hereby **GRANTED**; and

---

allege sufficient factual matter that a conspiracy existed between the County Defendants to deprive Plaintiffs of their rights.

Page 14 of 15
Case 2:19-cv-01834-JPS   Filed 09/24/21   Page 14 of 15   Document 58

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of September, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge